UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:
CLINTON PORTIS,                                 Case No. 23-10110-KKS
                                                        Chapter 11

    Debtor.
_____/

## UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE, AND MEMORANDUM OF LAW

Mary Ida Townson, United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112(b), respectfully moves this Court to enter an order dismissing or converting this chapter 11 case and in support respectfully states as follows:

### STANDING

1.     The United States Trustee has standing to file motions to dismiss or convert chapter 11 cases under 11 U.S.C. §§ 307 and 1112(b)(1), as well as 28 U.S.C. § 586.

### FACTS

2.     On June 15, 2023, Clinton Portis (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, thereby initiating the instant case.

3.     On June 16, 2023, the Court entered an Order to File Federal and State Employment Tax Returns and to Deposit State and Federal Taxes [ECF No. 15]. That Order directed the Debtor−in−Possession to file with the appropriate agency all delinquent federal or state tax returns or reports within thirty (30) days.

4. On June 15, 2023, the Debtor filed a List of Creditors Who Have 20 Largest Unsecured Claims against Debtor and are not Insiders [ECF No. 3].

5. On July 3, 2023, the Office of the United States Trustee sent the Debtor, through his proposed counsel, email correspondence to schedule the Initial Debtor Interview ("IDI") and requesting certain information in accordance with the United States Trustee Operating Guidelines and Reporting Requirements, including proof of insurance for real property. Proposed counsel for the Debtor did not respond to this or further attempts by the United States Trustee to schedule the IDI and did not respond to the request for information and other documents. As a result, the IDI was not conducted in this case.

6. The initial deadline to cure deficiencies and file schedules was June 29, 2023. On June 29, 2023, the Debtor filed an Ex Parte Motion to Extend Time to File Schedules and Initial Papers [ECF No. 24]. On July 10, 2023, the Debtor filed a Second Motion to Extend Deadline to File Schedules or Provide Required Information [ECF No. 27]. On July 11, 2023, the Debtor filed a separate Second Motion to Extend Deadline to File Schedules or Provide Required Information [ECF No. 29]. None of the aforementioned motions were ruled upon by the Court.

7. On July 14, 2023, the Debtor filed the schedules and Statement of Financial Affairs (the "Bankruptcy Schedules") [ECF No. 32].

8. The initial § 341 meeting of creditors (the "Meeting of Creditors") was held on July 17, 2023.

9. At the Meeting of Creditors, the Debtor testified to having two (2) domestic support individual claimants which were not disclosed in his Bankruptcy Schedules. The Debtor further indicated that the List of 20 Largest Unsecured Creditors at ECF No. 3 was wholly inaccurate and directly taken from his prior chapter 11 bankruptcy case filed in 2015.

10. The Debtor's Bankruptcy Schedules disclose ownership of certain real property in Alachua County, Florida. At the Meeting of Creditors, the Debtor testified that he did not know whether the real property was insured. The United States Trustee requested that the Debtor provide adequate proof of insurance no later than July 21, 2023. As of the filing of this Motion, the United States Trustee has not received any responsive information with respect to insurance from the Debtor.

11. At the Meeting of Creditors, the Debtor further testified that he has not filed federal income tax returns since 2017. Yet, the Bankruptcy Schedules reflect that the Debtor earned income in 2022. The United States Trustee requested the Debtor file his delinquent tax returns and provide proof of filing no later than July 21, 2023. As of the filing of this Motion, the United States Trustee has not received any filed tax returns from the Debtor.

12. To obtain a complete and accurate picture of the Debtor's financial situation and allow the Debtor additional time to cure the deficiencies, the United States Trustee continued the § 341 Meeting of Creditors until July 24, 2023.

13. On July 17, 2023, the United States Trustee sent a list of deficiencies via email to proposed counsel for the Debtor and requested (i) responsive documents be provided to the United States Trustee or filed with the Court, as appropriate, and (ii) the Debtor amend the schedules and related documents to make them complete and accurate no later than July 21, 2023. Debtor's proposed counsel indicated on the record at the Meeting of Creditors that the timeline was agreeable.

14. The documents requested by the United States Trustee included, among other things, a copy of the insurance policy on the real property in Alachua County, Florida, copies of signed tax returns filed by the Debtor from 2017 through 2022 and completed copies of the Initial Letter to Claim Holder and Initial Letter to State for each claimant of domestic support obligations of the Debtor.

15. As of the filing of this Motion, the United States Trustee has not received any responsive documents from Debtor.

## ARGUMENT AND MEMORANDUM OF LAW

16. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") made dismissal or conversion mandatory upon a showing of cause absent specific exceptions being shown. *See In re Pegasus Wireless*

4

*Corporation*, 391 Fed.Appx. 802 (11th Cir. 2010). Section 1112(b) provides that a bankruptcy court "shall" convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors, for cause. *See also In re Sterling Bluff Investors, LLC*, 515 B.R. 902, 915(Bankr. S.D. GA 2014). (holding that if cause is shown, the court must dismiss or convert the case unless the court finds that unusual circumstances within the meaning of 1112(b)(2) are present). 11 U.S.C. Section 1112(b)(4) enumerates a list of causal grounds for dismissal or conversion of a chapter 11 case. Courts have repeatedly found that the enumerated grounds are not exhaustive. *See In re Brooks*, 488 B.R. 483, 489 (Bankr. N.D. GA 2013).

    17.    11 U.S.C. § 1112(b)(4), provides, in relevant part, that:

For purposes of this subsection, the term 'cause' includes:

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (E) failure to comply with an order of the court;
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee;

5

> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

18. Debtor's failure to provide proof of insurance on the real property in Alachua County, Florida, is cause for dismissal of this case pursuant to §1112(b)(4)(C).

19. Debtor's failure to file delinquent tax returns in violation of the Court's Order at ECF No. 14 constitutes cause for dismissal or conversion under 11 U.S.C. § 1112 (b)(4)(E) and (F).

20. Debtor's failure to respond to requests to schedule the IDI and failure to respond to the United States Trustee's repeated requests for documents and other information constitutes cause for dismissal or conversion under 11 U.S.C. § 1112 (b)(4)(F) and (H).

21. Debtor's failure to schedule domestic support obligations or provide proof to the United States Trustee that such obligations are current post-petition constitutes cause for dismissal or conversion under 11 U.S.C. § 1112 (b)(4)(P).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order granting this Motion, dismissing the Debtor's chapter 11 case, or converting this case to chapter 7 and granting such additional relief as the Court deems just and proper.

DATED:   July 24, 2023

                                        Respectfully submitted,

                                        MARY IDA TOWNSON
                                        UNITED STATES TRUSTEE
                                        REGION 21

                                        By: /s/ *Adisley M. Cortez-Rodriguez*
                                        Adisley M. Cortez-Rodriguez Esq.
                                        Assistant United States Trustee
                                        Florida Bar No. 0091727

                                        /S/ CONOR J. MCLAUGHLIN
                                        Conor J. McLaughlin
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Office of the United States Trustee
                                        110 East Park Avenue, Suite 128
                                        Tallahassee, FL 32301
                                        850-942-1666
                                        FAX: 850-942-1669
                                        Florida Bar No. 0084477
                                        Conor.McLaughlin@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was furnished either electronically or by U.S. Mail first class postage prepaid to: Clinton Portis, Debtor, at 3510 NE 156th Avenue, Gainesville, FL 32609 and Jeffrey Siskind, Esq., via email to jeffsiskind@msn.com on this the 24th day of July, 2023.


                    /s/ *Adisley M. Cortez-Rodriguez*
                    Adisley M. Cortez-Rodriguez Esq.